# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )          Case No. CR-26-99-D
                                         )
JUAN CARLOS HARO PINEDO,                 )
                                         )
    Defendant.                           )

## <u>ORDER</u>

Before the Court is the Unopposed Motion to Continue Jury Trial and to Extend Pretrial Motion Deadlines [Doc. No. 21]. Defendant requests a continuance of his jury trial from April 14, 2026 to the May 12, 2026, jury trial docket, and an extension of the deadline to file pretrial motions until April 30, 2026. Counsel represents that Defendant will provide a written waiver of rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, within five days of filing the motion.

Upon consideration of the motion and the case record, the Court finds that the ends of justice served by granting a one-month continuance outweigh the best interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the motion that denying Defendant's request would deprive him of a reasonable amount of time needed for effective investigation, motion practice, trial preparation, and possible negotiation of a resolution of the charges in the Indictment, taking into account the exercise of due diligence

1

by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the motion would likely deprive Defendant of effective representation of counsel and result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the time period from April 14, 2026, to May 12, 2026, shall be excluded for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the Unopposed Motion to Continue Jury Trial and to Extend Pretrial Motion Deadlines [Doc. No. 21] is **GRANTED**. This case is stricken from the April 14, 2026, trial docket and reset on the Court's May 12, 2026, trial docket. The parties shall file all pretrial motions on or before April 30, 2026, and all other pretrial filings shall be submitted in accordance with the Court's Local Criminal Rules.

**IT IS SO ORDERED** this 10th day of April, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

2